## IN THE UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ENVIRONMENTAL, SAFETY & | ) | |
| HEALTH, INC., | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| V. | ) | CASE NO. CIV-08-1215-A |
| | ) | |
| INTEGRATED PRO SERVICES, | ) | |
| LLC D/B/A PRO TREE SERVICES, | ) | |
| | ) | |
| DEFENDANT. | ) | |

## MEMORANDUM OPINION

Plaintiff Environmental Safety & Health, Inc. (ES&H) instituted this action alleging breach of contract by Defendant Integrated Pro Services, LLC d/b/a/ Pro Tree Services (IPS). On November 8, 2011, the Court granted partial summary judgment in favor of ES&H, finding that IPS owed ES&H $202,952.25, representing the unpaid principal balance due under the terms of the contract between the parties. [Doc. No. 43, p. 15].

## I. PROCEDURAL POSTURE

In the decision granting partial summary judgment to ES&H, the Court noted that ES&H had also sought damages in the form of interest it paid on a loan allegedly taken out to maintain cash flow while the amount IPS owed on the contract remained unpaid. Because ES&H failed to cite to a provision in the contract or any case law that would allow for an award of damages as measured by interest on this loan, and failed to show an absence of a genuine dispute as to whether the interest paid on the loan was caused by IPS's breach of contract, the Court denied summary judgment on that element of damages.

However, the Court also found that because the principal amount still outstanding under the contract was certain, specific information regarding the dates work was completed and the dates interim partial payments were made should allow the parties to resolve any remaining issue as to the total amount owed by IPS, with any interest to which ES&H was entitled under the Oklahoma statutes.  Accordingly, the Court stayed the scheduling order deadlines to allow the parties an opportunity to confer and reach agreement as to the amount of the final judgment to be entered herein. The parties were directed to inform the Court within 30 days of the order granting partial summary judgment as to their success in this regard.

Thereafter, ES&H filed a report with the Court that the parties had been unable to come to any agreement as to the total amount owed under the contract.  It also requested leave to supplement its motion for summary judgment with regard to the issue of prejudgment interest and consequential damages. [Doc. No. 45].  In that motion, ES&H argued that it was entitled to prejudgment interest under Okla. Stat. tit. 23, § 6. [Doc. No. 46, p. 2].  The Court denied ES&H's request to supplement its previous motion for summary judgment, but granted additional time to calculate the amount of prejudgment interest it argued was owed under Oklahoma law. [Doc. No. 47].

Despite the additional time granted by the Court, the parties filed  reports on January 9, 2012, stating that they had still been unable to reach an accord. [Doc. Nos. 48, 49].  The Court thus directed the parties to submit briefs with regard to the total amount owed to ES&H as a result of IPS's breach of contract.  The parties were informed that the Court

would determine the total amount of the final judgment based on those submissions. The parties have now submitted their briefs, and so the matter is at issue and ready for determination. For the reasons set forth below, Court finds that under Oklahoma law ES&H is entitled to prejudgment interest in the amount of $102,170.49.

## II. DISCUSSION

The dispute before the Court arises from a Prime Contract/Order for services entered into by IPS with various cities and municipalities located in Lincoln County to remove debris from an ice storm which struck Lincoln County on or about December 9 and December 10, 2007. Plaintiff's Second Amended Complaint, 2. On December 17, 2007, IPS executed a written contract with ES&H establishing ES&H as IPS's subcontractor for the purposes of removing vegetative debris from the ice storm.  Id.  ES&H has not been paid the total amount owed under the contract, and a principal balance of $202,952.25 remains. [Doc. No. 43, p. 6.].  The amount of the principal balance due on the contract was derived from taking the original invoice amount of $642,564.00 and subtracting five partial payments in the following amounts: $200,000 on May 30, 2008; $50,000 on October 7, 2008; $181,129 on March 31, 2010; $2987.79 on May 27, 2010; and $5494.96 on August 10, 2010.  Declaration of Chaz Skarren, Accounting Manager ES&H (attached to ES&H Supplemental Brief). ES&H argues that under Okla. Stat. tit. 23, § 6 and Okla. Stat. tit. 15, § 266, it is entitled to prejudgment interest in the amount 6% per annum.  ES&H Supplemental Brief, 2.

"A federal court sitting in diversity applies state law, not federal law, regarding the issue of prejudgment interest."  Chesapeake Operating, Inc. v. Valence Operating Co., 193

3

F.3d 1153, 1156 (10th Cir. 1999). Okla. Stat. tit. 23, § 6 provides that "[a]ny person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor from paying the debt." Okla. Stat. tit. 15, § 266 prescribes the legal rate of interest in the absence of any contract provision for an interest rate: "The legal rate of interest shall be six percent (6%) in the absence of any contract as to the rate of interest, and by contract the parties may agree to any rate as may be authorized by law, now in effect or hereinafter enacted."

In support of his declaration, Mr. Skarren has attached an "account activity report" that calculates the amount of interest due each month based on a 6% per annum rate. Thus, Mr. Skarren's account activity report gives IPS credit for each partial payment in the same month it was made, decreasing the interest due that month and those following. The amount of interest for each month of the year in question was then added to determine the total interest due for that year. This unpaid interest was then added to the remaining unpaid principal balance at the beginning of the following next year. Declaration of Chaz Skarren, 1-4.

Defendant IPS does not take issue with the facts contained in the declaration or the calculations contained in the supporting account activity report. Instead, IPS contends that ES&H is not entitled to prejudgment interest as a matter of Oklahoma law. IPS Response to Supplemental Brief, 2.

First, IPS argues that Okla. Stat. tit. 23, § 6 is only applicable when the amount of recovery is liquidated or capable of ascertainment by calculation, and that the statute does not apply to this situation because the amount owed under the contract was "in dispute." IPS Response to Supplemental Brief, 2-3. IPS reasons that if the party liable does not know what sum he owes, it cannot be charged with prejudgment interest under § 6. Id. at 3. It claims that because this Court had to make a determination as to the precise amount owed, the amount was not capable of ascertainment by calculation and is not subject to prejudgment interest. Id. at 3. In support, IPS cites Withrow v. Red Eagle Oil Co., 755 P.2d 622 (Okla. 1988). In that case, the Court held:

> In the present case, appellees' recovery of "lost income"... was not for a sum certain or for a sum capable of being made certain by calculation or by reference to some fixed standards. The claim required that a jury determine from conflicting evidence and experts' opinions the amount of permanently lost production from the well in controversy. Therefore, the award of interest on such income, although characterized as loss of use of money, is not within the contemplation of § 6. A court may not judicially create an allowance of prejudgment interest when the Legislature has not seen fit to do so. Accordingly, co-owners are not entitled to an award for prejudgment interest.

Id. at 625 (emphasis added). IPS also cites Fidelity-Phenix Fire Ins. Co. of N.Y. v. Board of Ed., 204 P.2d 982 (Okla. 1949), in which the court refused to apply § 6 to allow interest on the amount adjudged owing under an insurance policy. Finally, IPS cites Strickland Tower Maint. Inc. v. AT&T Comm. Inc, 128 F.3d 1422, 1429 (10th Cir. 1997) for the proposition that prejudgment interest is not recoverable where the fact finder must weigh conflicting evidence to determine the amount of damages due. IPS concludes that ES&H cannot recover prejudgment interest because this Court "had to make the determination of

5

the precise amount owed under the contract...."  IPS Response to Supplemental Brief, 3.

ES&H replies that IPS misapprehends the certainty requirement of Okla. Stat. tit. 23, § 6.  It argues that the only time prejudgment interest under Okla. Stat. tit. 23, § 6 must be withheld is when a trial is necessary to determine the damages due.  ES&H's Reply, 2-3. As an example, ES&H cites one of the cases relied upon by IPS.  In Strickland Tower Maint. Inc. v. AT&T Comm. Inc, 128 F.3d 1422, 1429 (10th Cir. 1997), the Tenth Circuit affirmed the trial court's denial of prejudgment interest because the jury had to determine certain facts before the amount due was ascertainable:

> [This] case presented the jury with at least two significant factual questions regarding the amount of damages. The contract set STM's compensation at 23.5 percent of the total cost of the project; if STM kept costs below a certain level, however, the contract obliged AT&T to pay STM 24.5 percent of the costs. At trial, STM argued that if AT&T had not interfered in the project, STM could have contained costs enough to earn the bonus percentage point. *The damage calculation turned, in part, on this factual determination by the jury. Also, as noted above, the definition of "total project costs" was a significant issue at trial. In this suit, therefore, the damage award turned on the jury's factual determination of what the parties meant by "total project costs."*

Id. (emphasis added).

ES&H then contrasts the situation in Strickland to other cases in which § 6 was found applicable to a contract dispute. ES&H's Reply, 3-4. In C-P Integrated Services, Inc. v. Muskogee City-County Port Authority, 215 P.3d 835, 840 (Okla. Civ. App. 2009), the defendant who was being sued for breach of a construction contract argued that the plaintiff had failed to properly and timely complete construction or pay subcontractors.  Id. at 837. The jury resolved those issues in favor of the plaintiff, and the court granted prejudgment

interest under § 6, noting that the parties had stipulated as to the remaining balance due under the contract. Also, in <u>First National Bank & Trust Co. v. Iowa Beef Processors</u>, 626 F.2d 764 (10th Cir. 1980), the Tenth Circuit found that because the sum owed under the contract was certain, and the only issue was whether there could be an offset, § 6 applied. <u>Id.</u> at 770. As stated by the court: "Almost any lawsuit involves some dispute over defendant's liability. As to the sum certain aspect, the correct inquiry is whether 'the amount sued for' can be ascertained prior to judgment." <u>Id.</u>

The undersigned agrees with ES&H that Okla. Stat. tit. 23, § 6 is applicable to this case. Indeed, the cases cited by IPS in support of its argument that § 6 is not applicable are clearly distinguishable from the situation here, and actually lend support to ES&H's claim for prejudgment interest. In this case, the amount of ES&H's damages was clearly ascertainable: the amount of ES&H's invoice less the amount of IPS's interim, partial payments. Although IPS argued in opposition to Plaintiff's motion for summary judgment that the amount due to ES&H should be reduced because IPS and the municipalities with which it had contracted agreed to a downward adjustment of invoiced amounts, this Court found *as a matter of law* that such a reduction did not affect the amount IPS owed ES&H under their contract. The Court did not serve as a fact finder in making that determination, as there was no fact issue as to the amount still owed on the original invoice amount, placing this dispute squarely within the ambit of § 6.

Alternatively, ES&H argues that it is entitled to interest as an element of damages for breach of contract under Okla. Stat. tit. 23, § 22. ES&H's Supplemental Brief, 4. That

7

statute provides that the "detriment caused by the breach of an obligation to pay money only is deemed to be the amount due by the terms of the obligation, with interest thereon."  IPS responds that this statute does not authorize an award of interest because all of the events necessary to bring about the obligation to pay did not occur until this Court made its determination of liability.  IPS Response to Supplemental Brief, 4.

ES&H counters that a breach of contract occurs when one party materially fails to perform in accordance with a provision of the contract, not when a court determines that such failure constitutes a breach.  ES&H's Reply, 6.  ES&H reasons that if IPS is correct that a breach does not occur until a court determines the breaching party is liable, the entire function of prejudgment interest would be a nullity.  Id.  The Court agrees.

The comment under Restatement (Second) of Contracts, § 354 states "[i]nterest is not payable as damages for non-performance until performance is due."  In its previous ruling on ES&H's motion for summary judgment, the Court found it undisputed that the contract required IPS to pay ES&H within five days of being paid by its client for the work or within 45 days of completion, whichever occurs first. [Doc. No. 43, p. 5].  It further found that ES&H completed its services and that the time for compensating ES&H under the terms of the contract has long passed.  Id.  As noted, IPS has not taken issue with the Declaration of Chaz Skarren or the account activity report attached thereto, which shows that the original invoice from ES&H was dated December 28, 2007.  IPS does not contend that this invoice was not approved, or that the invoice date was submitted before the date for performance under the contract.  Accordingly, performance was due on December 28, 2007, and interest

accrued from that date– not the date that this Court found IPS to be in breach of the contract.

IPS also argues that because Oklahoma courts have reached conflicting decisions as to whether this statute or Okla. Stat. tit. 23, § 6 applies to determine the issue of interest on damages for breach of contract, neither statute should be applied. IPS Response to Supplemental Brief, 4-5.  IPS cites cases which disagree over which of these statutes is more specific, and thus applicable. Id.  However, the Court finds it unnecessary to resolve any inconsistency in application of these statutes because the result would be the same under either one of them. Under Okla. Stat. tit. 15, § 266, the "legal rate of interest shall be six percent (6%) in the absence of any contract as to the rate of interest..."  Thus, whether characterized as prejudgment interest under § 6 or as the detriment caused by IPS's breach of contract, the rate of interest is the same. Indeed, the Oklahoma Supreme Court has stated that "we see no valid distinction between prejudgment interest as a part of the damages for breach of contract and prejudgment interest upon the damages." Pierce Couch Hendrickson Baysinger & Green v. Freede, 936 P.2d 906, 914 (Okla. 1997).

In light of the foregoing, the Court finds that Plaintiff ES&H is entitled to prejudgment interest in the amount of $102,170.49.  Accordingly, judgment will be entered in favor of Plaintiff ES&H in the amount of  $305,122.74, representing the remaining principal due on its contract with IPS together with prejudgment interest thereon.

**IT IS SO ORDERED THIS 30ᵗʰ DAY OF MARCH, 2012**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE